**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jerry Vandiver,

Plaintiff,

v.

Jacob Clapper, *et al.*,

Defendants.

Case No. 25-cv-12771

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

________________________________/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [56] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [54]**

On July 29, 2026, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation ("R&R") (ECF No. 54) recommending that (1) the Court deny Plaintiff Jerry Vandiver's motion for a temporary restraining order or preliminary injunction (ECF No. 24), (2) the Court grant a motion to dismiss filed by State Defendants the State of Michigan and the Michigan Department of Corrections (ECF No. 26), and (3) "[i]f these recommendations are adopted" (ECF No. 54, PageID.440, 451), the Court deny as moot State Defendants' motion to strike Plaintiff's second response. (ECF No. 49.) Plaintiff, who is self-represented or proceeding

*pro se*, filed objections to the R&R. (ECF No. 56.) State Defendants responded. (ECF No. 57.) Plaintiff is incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan.

For the reasons set forth below, Plaintiff's objections (ECF No. 56) are OVERRULED, the R&R (ECF No. 54) is ADOPTED, Plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 24) is DENIED, State Defendants' motion to dismiss (ECF No. 26) is GRANTED, and State Defendants' motion to strike (ECF No. 49) is DENIED AS MOOT.

## I. Background

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 54, PageID.439–442.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party]

objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

Plaintiff's objections are improper. The objections disagree generally with the R&R or do not challenge a portion of the R&R. *See*

*Miller*, 50 F.3d at 380. The objections do not show that there is a factual or legal error in the R&R. Consistent with the language that appears above, this court has stated that

> [w]hen a party properly objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. *See* Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error in the report are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Similarly invalid are objections "that merely reiterate[ ] arguments previously presented, [without] identify[ing] alleged errors on the part of the magistrate judge." *See id.*

*McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) (first alteration added); *see Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("'A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's

suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (alteration in original) (citing *Howard*, 932 F.2d at 509)). Plaintiff's objections are therefore overruled. The Court considers each objection below. The Court presents additional grounds for overruling the objections where such grounds exist.

**A. Objection 1**

In his first objection, Plaintiff asserts:

> The Magistrate in her page 1 footnote 1 states she deems the matter appropriate for decision without oral argument. Here, Defendants [sic] motion for dismissal should not be granted based on the fact the complaint clearly shows that immediate and irreparable injury, loss or damage will result from the medical treatment stop [sic] by Defendants. Preliminary injunction hearings are designed to give all parties a full and complete opportunity to be heard. FRCP Rule 65(b)(3).

(ECF No. 56, PageID.466–467.)

Plaintiff's first objection is overruled for the reasons set forth above: because it disagrees generally with the R&R and because it does not identify an error in the R&R. As the objection notes, the R&R states that Magistrate Judge Altman "deems this matter appropriate for decision without oral argument." (ECF No. 54, PageID.439 n.1.) The R&R

supports this assertion by citing to Federal Rule of Civil Procedure 78(b) and Eastern District of Michigan Local Rule 7.1(f)(1). (*Id.*) Rule 78(b) states that "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b). Local Rule 7.1(f)(1) states in relevant part that "[t]he court will not hold a hearing on . . . a motion in a civil case where a person is in custody unless the judge orders a hearing." E.D. Mich. LR 7.1(f)(1). Plaintiff does not show that Magistrate Judge Altman's decision not to hold a hearing was incorrect. Plaintiff references Federal Rule of Civil Procedure 65(b)(3); however, that rule addresses a preliminary-injunction hearing "[i]f [a temporary restraining] order is issued without notice." Fed. R. Civ. P. 65(b)(3). Here, a temporary restraining order was not issued. Therefore, Rule 65(b)(3) does not apply. Accordingly, Plaintiff's first objection is overruled.

**B. Objection 2**

In his second objection, Plaintiff states: "On page 2 the Magistrate adresse[s] Plaintiff [sic] motion for TRO [temporary restraining order] or preliminary injunction (ECF No. 24) and the Magistrate addresses Defendant [sic] motion to dismiss (ECF No. 26). But the Magistrate does

**not** mention Plaintiff [sic] opposition to Defendant [sic] response to Plaintiff [sic] opposition." (ECF No. 56, PageID.467 (emphasis in original).)

It is unclear which filing Plaintiff is referring to in his second objection. The objection is thus vague, which makes it an improper objection. *See Miller*, 50 F.3d at 380. Plaintiff's objection is also improper because it does not relate to a "factual [or] legal" issue "at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Even if Plaintiff's objection was proper, the objection does not show that the R&R's failure to mention a particular filing constitutes a mistake that requires the Court to reject the R&R. To the extent Plaintiff is arguing that the R&R does not mention a document related to the motion to dismiss, the filings related to that motion were considered by Magistrate Judge Altman even if the R&R does not list each one. (*See* ECF No. 54, PageID.440 (noting that the motion to dismiss "is fully briefed").) And as State Defendants note, the R&R considers the arguments that appear in Plaintiff's response to the motion to dismiss. (ECF No. 57, PageID.489 ("Plaintiff's response brief, ECF No. 41, is directly analyzed by the Magistrate Judge." (citing ECF No. 54, PageID.445, 448)); *see* ECF No. 54, PageID.444–445, 447–448

(addressing Plaintiff's arguments opposing State Defendants' motion to dismiss).) Accordingly, Plaintiff's second objection is overruled.

**C. Objection 3**

In his third objection, Plaintiff challenges language that appears on pages 6 and 7 of the R&R. (ECF No. 56, PageID.467–468.) The first part of his objection states:

> The Magistrate claims in her RR pages 6, 7, State Defendants have not raised an [sic] lack of fair notice of Plaintiff [sic] claim. This is **not** true. If the Court reads Defendants [sic] motion to dismiss first argument "A" shows Defendants did raise failure to give notice of Plaintiff [sic] claims and failure to give grounds upon which it rest. The Magistrate fail to understand the reason the Plaintiff mention his grievance was to only show he gave defendants fair notice of his claim in his grievance and the ground upon which it rests. See Plaintiff Opposition Argument One Paragraph One.

(*Id.* (emphasis in original).)

This portion of Plaintiff's objection does not identify a mistake in the R&R. In their motion to dismiss, State Defendants argue in Section I.A. of the motion's "Argument" Section—the section of the motion Plaintiff may be referring to in his objection—that Plaintiff's claims against them under 42 U.S.C. § 1983 fail because State Defendants are entitled to Eleventh Amendment immunity. (ECF No. 26, PageID.220–

221.) The R&R notes that State Defendants (1) "do not allege that they lack fair notice of [Plaintiff's] claims" and (2) "assert sovereign immunity, which [Plaintiff's] first argument [in his response to the motion to dismiss] does not address." (ECF No. 54, PageID.445.) Plaintiff does not demonstrate in his objection that his first argument addresses Eleventh Amendment immunity.

Based on its own review of the relevant filings, the Court believes that Plaintiff's objection might be referring to a sentence that appears in a different part of the "Argument" Section of the motion to dismiss. The sentence states: "A complaint may be dismissed for failure to state a claim if it fails 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)." (ECF No. 26, PageID.217.) This sentence quotes language from a case to provide a legal standard; it is not an argument made by State Defendants for why the complaint in this case should be dismissed. Therefore, the Court agrees with the R&R's interpretation of the motion to dismiss. Plaintiff's objection does not show that the R&R is flawed.

The remaining part of Plaintiff's objection states:

> The Magistrate fails to understands [sic] Plaintiff [sic] argument two. Plaintiff [sic] argument his second argument was in opposition to Defendants [sic] second argument in Defendants [sic] second argument. Magistrate only read the Plaintiff [sic] second argument as she wanted it to read. Magistrate claims Plaintiff [sic] argument II and III fails to address argument Defendants raise of immunity. Magistrate state Plaintiff [sic] argument two and three neither of these addresses defendants immunity argument. But it does.

(ECF No. 56, PageID.468–469.) This portion of Plaintiff's objection is improper because it disagrees with the R&R in a general fashion. *See Miller*, 50 F.3d at 380. It does not explain why the R&R is factually or legally incorrect. Moreover, the objection lacks the clarity and specificity necessary for the Court to address it on the merits. *See Pearce*, 893 F.3d at 346. Accordingly, Plaintiff's third objection is overruled.

**D. Objection 4**

In his fourth objection, Plaintiff asserts:

> Magistrate states at page 7 of the RR in Plaintiff [sic] fourth argument he says that the Eleventh Amendment immunity does not apply to violations of the ADA [Americans with Disabilities Act]. The Magistrate agress [sic] with Plaintiff on this issue, but state [sic] that Defendants has only asserted sovereign immunity as to [Plaintiff's] 1983 claims. Magistrate fails to address Plaintiff opposition arguments two and three. Had the Magistrate thoroughly reviewed Plaintiff [sic]

> opposition argument two and three would not have made the report and recommendation made. Plaintiff is attaching his argument two and three as if set down here in full with full force and effect Exhibit (A) (B).

(ECF No. 56, PageID.469–470.)

Plaintiff's fourth objection is improper because—in addition to expressing general disagreement and not identifying a mistake in the R&R—it repeats arguments that were made to Magistrate Judge Altman. *See Coleman-Bey*, 287 F. App'x at 422; *McClure*, 2022 WL 730631, at *1. Accordingly, Plaintiff's fourth objection is overruled.

**E. Objection 5**

In his fifth objection, Plaintiff indicates that he "agree[s] with the RR pages 9 and 10" (ECF No. 56, PageID.470), in which the R&R concludes that Plaintiff's "ADA claims should be dismissed." (ECF No. 54, PageID.448.) Plaintiff states in his fifth objection that "[t]he Magistrate RR on pages 7, 8, makes reference to Plaintiff [sic] Title II claim of the ADA. This claim was made without Plaintiff [sic] approval." (ECF No. 56, PageID.470.) Plaintiff does not dispute a portion of the R&R in his objection. Accordingly, Plaintiff's fifth objection is overruled.

**F. Objection 6**

In his sixth objection, Plaintiff does not specify the part of the R&R to which he objects, but the objection appears to relate to the R&R's findings regarding his motion for a temporary restraining order or preliminary injunction. Plaintiff seems to disagree with the R&R's conclusion that the first two factors courts consider in deciding whether to issue a preliminary injunction weigh against granting Plaintiff's motion. Those factors are: "(1) whether the movant has a strong likelihood of success on the merits[ and] (2) whether the movant would suffer irreparable injury absent a preliminary injunction." (ECF No. 54, PageID.449 (citing *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)).) The R&R addresses the factors as follows:

> Fatal to [Plaintiff's] motion, he has not attempted to demonstrate any likelihood of success on the merits. As discussed above, [Plaintiff's] claims against State Defendants are unlikely to succeed; the undersigned has recommended their dismissal. [Plaintiff] has also failed to demonstrate a strong likelihood of success against [the other Defendants, Jacob] Clapper and [Eric] Stockall. Their motion to dismiss, which will be decided separately, includes reference to [Plaintiff's] medical records that show regular treatment for [Plaintiff's] condition from October 2023 to March 2026, near the filing date of their motion. (ECF No. 37, PageID.297-312).

> Because injunctive relief requires proof of a *strong* likelihood of success on the merits, this factor weighs against [Plaintiff's] motion. As to the second factor, [Plaintiff] claims that he will suffer irreparable harm, but cites nothing to demonstrate this claim other than his own belief that his treatment is inadequate. The proof required to obtain injunctive relief is much more stringent than that required to survive a summary judgment motion. Here, there is no proof at all, so the second factor does not help [Plaintiff].

(*Id.* at PageID.450 (emphasis in original).)

Plaintiff's objection states:

> On September 14, 2024 Plaintiff met with Defendant Eric Stockall. Plaintiff asked Stockall if there was anything that would kill the cancer? Stockall told Plaintiff there was an injection he could give Plaintiff that would slow the cancer down called Eligaurd [sic]. Plaintiff wanted this treatment and Stockall ordered this treatment every six months. Starting while Plaintiff was confined at Cotton Correctional Facility at Jackson, Michigan. This treatment had continued once Plaintiff transferred to Gus Harrison Correctional Facility located in Ardian [sic] Michigan. This Eliguard [sic] treatment started clearing up the disease. Plaintiff arrived at Gus Harrison Facility October 21 2024. Through March 9, 2026. On March 9, 2026 was the date Stockall gave Plaintiff the bad news about his discontinuing the Eligard injection because of costs. Here, now shown irreparable harm. Plaintiff now has provided a strong likelihood of success on the merits. Why would Stockall provide a treatment to delay cancer, but now take it away because of costs?

> I have a right to a hearing and the right to produce my medical records. The Defendants give a treatment that delays cancer, but now took it away? What is that called?

(ECF No. 56, PageID.471–473.)

Plaintiff's objection is improper. It disagrees generally with the R&R and does not point out a mistake in the R&R. The objection does not address the R&R's reasoning or demonstrate that the R&R is incorrect. The objection thus provides no basis for the Court to reject the R&R's determination that there is no showing of a likelihood of success on the merits as well as no proof of irreparable harm. Moreover, the objection is improper to the extent it presents information that did not appear in Plaintiff's previous filings. "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Meddaugh v. Gateway Fin. Serv.*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)); *Daniel v. Fighter-Daniel*, No. 24-cv-

11218, 2025 WL 1879874, at *2 (E.D. Mich. July 8, 2025) ("Because these matters were never presented before the magistrate judge, they are not considered here." (internal citation omitted)). Accordingly, Plaintiff's sixth objection is overruled.

**G. Objection 7**

In his seventh objection, Plaintiff asserts that the R&R states on page 12 that State Defendants' motion to dismiss "includes references to Plaintiff [sic] medical records that show regular treatment for [Plaintiff's] condition from October 2023 to March 2026 near the filing date of their motion." (ECF No. 56, PageID.473–474.) Plaintiff argues that

> [h]ere, the Magistrate cannot only rely just on Defendants [sic] urology medical records without the Magistrate reviewing Plaintiff [sic] medical records by MDOC Bureau of Health Care Services. Plaintiff had put the Magistrate Judge on notice should she only rely on only urology medical records and not Plaintiff Vandiver [sic] MDOC BHCS medical records would be personal bias and complete favoritism for Defendants. Question now is will this Court also be part of the Magistrate Altman personal bias and favoritism for Defendants.

(*Id.* at PageID.474 (emphasis in original).)

Plaintiff's objection does not identify a factual or legal error in the R&R. Accordingly, Plaintiff's seventh objection is overruled.

### H. Objection 8

In his eighth objection, Plaintiff argues that "[t]his Court shoul [sic] decide in the first instance whether to grant reversal to allow Plaintiff leave to amend his complaint, or to allow discovery and depositions between the parties. See Ashcroft v Iqbal 556 US 662, 129 S. Ct 1937, 173 Led.2d (2009)." (ECF No. 56, PageID.474–475.) Because Plaintiff's objection does not challenge a portion of the R&R, this objection is improper. *See Pearce*, 893 F.3d at 346. The objection is also improper because it does not relate to a "factual [or] legal" issue "at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Accordingly, Plaintiff's eighth objection is overruled.

### I. Objection 9

In his ninth objection, Plaintiff takes issue with the R&R's findings regarding the third and fourth factors courts consider in deciding a motion for a preliminary injunction. Those factors are: "(3) whether granting the preliminary injunction would cause substantial harm to others[ ] and (4) whether the public interest would be served by granting the preliminary injunction." (ECF No. 54, PageID.449 (citing *Tumblebus Inc.*, 399 F.3d at 760).) The R&R states that

> [r]egarding the third and fourth factors, "the interests of identifiable third parties and the public at large weigh against an injunction" in the prison setting. *Theriot v. Woods*, No. 2:18-cv-92, 2019 WL 409507, at *11 (W.D. Mich. Feb. 1, 2019). "Decisions concerning prison security are vested in prison officials, in the absence of a constitutional violation. Any interference by the federal courts in the administration of state prisons is necessarily disruptive." *Id.* "The public welfare therefore militates against the issuance of extraordinary relief [of injunctive action] in the prison context, absent a sufficient showing of a violation of constitutional rights." *Id.* (citing *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988)); *see also Lane v. Beavers*, No. 2:19-CV-1793, 2019 WL 3521652, at *6 (S.D. Ohio Aug. 2, 2019), *report and recommendation adopted*, 2019 WL 6877851 (S.D. Ohio Dec. 17, 2019) ("[E]njoining prison officials from moving Plaintiff to segregation and keeping him out of plain view from other inmates would undoubtedly remove from prison officials the deference that they are generally afforded in the administration and control of the prison." (citation omitted)). For these reasons, [Plaintiff's] motion for injunctive relief should be denied.

(*Id.* at PageID.450–451.)

Plaintiff argues in his objection that

> Magistrate Kimberly Altman is really defending Defendants with a lot of untrue statements. First of all Plaintiff Vandiver only seek the injunction for medical treatment to continue the Eliguard [sic] shot enjeckson [sic] to slow down the cancer. There is no moving Plaintiff to or from segregation. [Plaintiff] is a level one status prisoner and his confinement level is like a trustee, never lock down, has his own cell key. [Plaintiff]

> would walk by himself to health care for his medical shot. So what lies are Magistrate Altman telling?

(ECF No. 56, PageID.476.)

Plaintiff does not demonstrate in his ninth objection that the R&R is flawed or incorrect and that the R&R should not be adopted. As a result, the objection does not provide a basis for the Court to reject the R&R. Accordingly, Plaintiff's ninth objection is overruled.

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 56) are OVERRULED, the R&R (ECF No. 54) is ADOPTED, Plaintiff's motion for a temporary restraining order or preliminary injunction (ECF No. 24) is DENIED, State Defendants' motion to dismiss (ECF No. 26) is GRANTED, and State Defendants' motion to strike (ECF No. 49) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 29, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager