**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jerry Vandiver,

Plaintiff,

v.

Jacob Clapper, *et al.*,

Defendants.

Case No. 25-cv-12771

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

________________________________/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [58] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [55]**

On August 14, 2026, Magistrate Judge Kimberly G. Altman issued a Report and Recommendation ("R&R") (ECF No. 55) recommending that the Court deny a motion to dismiss filed by Defendants Jacob Clapper and Eric Stockall. (ECF No. 37.) The R&R states that Magistrate Judge Altman "RECOMMENDS that Defendants' motion to dismiss (ECF No. 37) be converted to a motion for summary judgment and DENIED as premature. If this recommendation is adopted, a scheduling order will be entered, and the case will enter the discovery phase." (ECF No. 55, PageID.463–464; *see id.* at PageID.455.) Plaintiff, who is self-represented

or *pro se*, filed objections to the R&R. (ECF No. 58.) Defendants have not responded, and the time for them to do so has elapsed.

For the reasons set forth below, Plaintiff's objections (*id.*) are OVERRULED, the R&R (ECF No. 55) is ADOPTED, and Defendants' motion to dismiss (ECF No. 37) is converted to a motion for summary judgment and DENIED as premature.

## I. Background

The background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 55, PageID.454–456.)

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are

improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III. Analysis

Plaintiff asserts three objections: (1) that medical records submitted by Defendants with their motion to dismiss and referenced in the R&R are "Defendants [sic] counsel [sic] 'fraud' upon the Court" and are "untrue" (ECF No. 58, PageID.496–497); (2) that Magistrate Judge Altman "erred by not thoroughly reviewing Plaintiff [sic] Opposition to

Defendants [sic] Motion for Dismissal," in which Plaintiff discusses his medical treatment by Stockall and the discontinuation of the treatment, which Plaintiff states "is a specific fact showing a triable issue" (*id.* at PageID.497–499); and (3) that Magistrate Judge Altman "erred by not encluding [sic] Plaintiff [sic] request for deposition with discovery giving opportunity to depose Clapper and Stockall under oath." (*Id.* at PageID.499.)

Plaintiff's objections are improper. The objections disagree generally with the R&R or do not challenge a portion of the R&R. *See Miller*, 50 F.3d at 380; *McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) ("General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have 'the same effect[ ] as would a failure to object.' *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, No. 15-11950, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*)."); *see Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017)

("'A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (first alteration in original) (citing *Howard*, 932 F.2d at 509)). Plaintiff's objections are therefore overruled.

The objections are also overruled because they do not show that there is a factual or legal error in the R&R. As a result, the objections do not demonstrate that there is a reason the Court should not adopt the R&R. The Court notes that the issues raised in Plaintiff's objections may ultimately be addressed through discovery and future motion practice, given that the Court is adopting the R&R's recommendation to deny Defendants' motion. That the Court adopts this recommendation means that the case proceeds against Defendants Clapper and Stockall. (*See* ECF No. 55, PageID.455, 463–464 ("If th[e] recommendation [regarding Defendants' motion] is adopted, a scheduling order will be entered, and the case will enter the discovery phase.").)

## IV. Conclusion

For the reasons set forth above, Plaintiff's objections (ECF No. 58) are OVERRULED, the R&R (ECF No. 55) is ADOPTED, and Defendants' motion to dismiss (ECF No. 37) is converted to a motion for summary judgment and DENIED as premature.

IT IS SO ORDERED.

Dated: October 5, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager